Linda S. ALAND, Appellant

v.

Justin A. MARTIN, Appellee.

No. 05–07–01451–CV.

Court of Appeals of Texas, Dallas.

Nov. 25, 2008.

Julia F. Pendery, Dallas, for Appellant.

Aglaia D. Mauzy, Dixie & Mauzy, D. Bradley Dickinson, Dickinson & Associates, P.C., Dallas, for Appellee.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

Following a bench trial, Linda S. Aland appeals the trial court's judgment in favor of appellee Justin A. Martin in a suit where Martin claimed Aland violated section 12.002 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002 (Vernon Supp. 2008). That statute provides for recovery of damages against persons who knowingly file fraudulent liens with intent to injure. *Id.* The trial court awarded Martin $10,000; trial attorney's fees of $13,683.84; conditional appellate attorney's fees of $10,000; and costs of court. Martin is the ex-husband of a client of Aland.

Aland asserts two issues on appeal: (1) the deed of trust signed by Aland's client to secure the payment of a promissory note for a debt the client owed Aland does not fit the statutory definition of "fraudulent lien," and (2) the evidence was legally and factually insufficient to support the statutory elements of liability under section 12.002.

We conclude the evidence is legally insufficient to support a finding that Aland intended to cause Martin physical injury, financial injury, or mental anguish or emotional distress as required under section 12.002. Therefore, we decide in favor of Aland on her second issue. Aland's first issue need not be addressed. We reverse the trial court's judgment and render judg-

ment that Martin take nothing against Aland.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an underlying divorce action between Martin and his now ex-wife, Diana Martin. Aland acted as counsel for Diana Martin in that action. During the divorce proceeding, Aland filed inventories on behalf of Diana Martin in which property located at 905 Ashwood Drive in Garland, Texas (the "Ashwood property") was designated as community property.

Aland agreed to take a promissory note in the amount of $10,315.64 from Diana Martin for legal fees pertaining to the divorce. To secure that promissory note, Diana Martin signed a deed of trust granting a lien on the Ashwood property and the deed of trust was filed in the deed records of Dallas County. The parties do not dispute that Diana Martin did not consult Martin prior to execution of the note and deed of trust.

In the ensuing July 25, 2006 Final Decree of Divorce, under the heading, "Property to Husband," Martin was awarded the Ashwood property, "including any obligations due thereon, excluding any lien in favor of Wife's attorney." Under that same heading, the divorce decree stated in part, "IT IS ORDERED that DIANA GALE MARTIN extinguish any debt owed to her attorney, LINDA S. ALAND, underlying the Deed of Trust on [the Ashwood property]." (emphasis original).[1] In another section of the divorce decree, under the heading, "Debts to Wife," Diana Martin was ordered, in part, to pay the "[d]ebt owed to Linda S. Aland underlying

---

1. However, reference to a five-day time requirement for Diana Martin's payment of Aland was manually deleted and the deletion was initialed by counsel for both Martin and Diana Martin.

the Deed[ ] of Trust and Promissory Note[ ] executed by Diana Gale Martin against [the Ashwood property]."

The parties do not dispute that Aland did not release the lien on the Ashwood property until she was paid by Diana Martin. The record shows Aland executed four separate releases regarding the deed of trust lien on the Ashwood property. The releases were all dated January 26, 2007.

Martin testified at trial that on August 1, 2006, he sought to "refinance" the Ashwood property. According to Martin, his efforts were unsuccessful due to the deed of trust lien. Martin filed this suit against Aland in late 2006. In his May 10, 2007 second amended petition, Martin sought damages pursuant to section 12.002.

At trial, the parties and their attorneys were the sole witnesses. Among the exhibits admitted into evidence at trial were (1) the Martins' July 25, 2006 Final Decree of Divorce; (2) a June 22, 2006 letter to Aland from Martin's counsel that read, in part, "Are you amenable to signing a *Release of Lien* with regard to the Ashwood property?" (emphasis original); (3) a September 18, 2006 letter to Aland from Martin's counsel stating, in part, "This is my client's demand that you release your lien against his home at 905 Ashwood Dr., Garland, Texas 75041."; (4) a September 22, 2006 "Memorandum" from Aland to Land America, a title company involved in processing Martin's loan application, on the subject of "Martin Pay Off," stating

> Please note that the payoff on the lien on the Ashwood property that you contacted me about is $10,718.54 through September 25, 2006 and interest continues to accrue on such amount at the rate of $1.70 per day thereafter.
>
> I will sign a release of both the lien and the lis pendens for the payment of the payoff balance.

> Call with any questions.;

and (5) Martin's response to Aland's request for admission number twenty-one. That request asserted Martin has "no evidence that Linda S. Aland acted with the intent to injure Justin Martin when Diana Martin executed a Deed of Trust on [the Ashwood property] in favor of Linda S. Aland."

Martin denied the request for admission and stated in response

> This was denied because the evidence is that my consent was not obtained to the signing of the Deed of Trust which clouded the title to my one-half of the community property. It injured me by creating a debt that I did not incur and which, in fact, the Court ordered my ex-wife to pay in the decree.

During cross-examination at trial, Martin was asked by Aland's counsel for "a list of any acts that you contend Linda Aland has done with intent to injure you in connection with acquiring a Deed of Trust on the Ashwood property during the pendency of the divorce." Martin testified, "I contend that that was an invalid lien that she placed.... And I also content [sic] that her refusal to release that lien is in direct violation to [sic] the decree of this Court."

Aland testified at trial that at the time she took the deed of trust from Diana Martin, it was not her intent to cause Martin to suffer any financial injury. In addition, on cross-examination by Martin's counsel, Aland testified as follows:

Q: Did you want Justin Martin to be able to dispose of the Ashwood property while you had a lien on it?

. . . .

A: I didn't think about that question.

Q: Why did you file a lien with the County Clerk's office?

A: It was done at the time a promissory note was signed by my client to secure the note so that the legal fees she owed at the time back in February of 2006 would be paid.

Q: Would be paid. And did you want the Ashwood property to be disposed of before you were paid?

A: I never thought about whether I wanted or didn't want such an issue.

In closing argument, Aland's counsel asserted, in part, "There is no evidence of any intent of Ms. Aland to cause Mr. Martin, the Plaintiff, any injury whatsoever."

In its July 26, 2007 judgment, the trial court awarded Martin damages, attorney's fees, and court costs as stated above.[2] Aland filed a "Motion to Modify and, Alternatively, Motion for New Trial," which was overruled on October 4, 2007. This appeal followed.

## II. LIABILITY UNDER SECTION 12.002

We focus first on Aland's second issue where she asserts the evidence is legally insufficient to support a finding that she

intended to cause physical, financial, or emotional injury to Martin. Aland contends Martin's testimony did not constitute evidence of her intent to injure him, and her own testimony negated such intent as a matter of law. In addition, Aland asserts Martin's "circumstantial evidence" of Aland's intent to injure him was neither probative nor relevant.

Martin contends Aland "relies solely upon her own subjective testimony and disregards the remainder of the evidence." Further, Martin asserts the plain language of section 12.002 applies not only to the filing of the lien, but also to "making, presenting, or using such a document." According to Martin, "Aland ignores the fact that, for a period of at least six months, she continued to use the lien as pseudo-extortion in an attempt to obtain monies from Mr. Martin." Martin argues there is "more than sufficient evidence to support the findings of the trier of fact."

### A. Standard of Review

Findings of fact in a case tried to the court have the same force and effect as

---

2. The trial court's September 24, 2007 findings of fact and conclusions of law included, in relevant part, the following:

11. The Deed of Trust was taken on the Ashwood property without the knowledge or consent of Plaintiff, Justin A. Martin.

12. The Deed of Trust purported to place a lien on the entire property located at 905 Ashwood Drive, Garland, Texas.

13. Justin A. Martin owned a one-half (½) individual interest in [the Ashwood property].

14. The Deed of Trust was taken in fraud of Plaintiff's interest in the property.

15. The Deed of Trust was filed with the deed records of Dallas County, Texas, by Linda S. Aland without the knowledge or consent of Justin A. Martin.

16. Linda S. Aland is a Board Certified family lawyer and knew, or should have known, that a valid lien cannot be placed against community property without the consent in writing of both parties.

17. Linda S. Aland intended to create a cloud on the title of the Ashwood property by her filing of the Deed of Trust.

....

CONCLUSIONS OF LAW

1. Section 3.102 of the Texas Family Code provides that community property is subject to the joint management, control and disposition of the spouses unless provided otherwise in writing.

2. Section 12.002 of the Texas Civil Practice and Remedy [sic] Code provides that a person may not use a document if that person has knowledge that such document is a fraudulent claim against real property and intends that such document be given the same effect as a legitimate claim.

3. Further, Article 12.002 provides that a person who violates this provision is liable to each injured person in the greater of $10,000.00 or actual damage.

....

jury findings. *Pulley v. Milberger,* 198 S.W.3d 418, 426 (Tex.App.-Dallas 2006, pet. denied). An appellate court reviews a trial court's fact findings by the same standards it uses to review the sufficiency of the evidence to support a jury's findings. *See Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994); *Pulley,* 198 S.W.3d at 426; *see also In re S.K.A.,* 236 S.W.3d 875, 903 (Tex.App.-Texarkana 2007, no pet.) (trial court's presumed findings on omitted elements reviewed under same standards of legal and factual sufficiency as express findings) (citing *Lindner v. Hill,* 691 S.W.2d 590, 592 (Tex.1985)). When challenged, a trial court's findings of fact are not conclusive if, as in the present case, there is a complete reporter's record. *Brockie v. Webb,* 244 S.W.3d 905, 908 (Tex. App.-Dallas 2008, pet. denied).

When an appellant attacks the legal sufficiency of an adverse finding on an issue for which he did not have the burden of proof, he must demonstrate there is no evidence to support the adverse finding. *See Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983); *Pulley,* 198 S.W.3d at 426. In a legal sufficiency review, we view the evidence in a light most favorable to the finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 822 (Tex.2005); *Sanders v. Total Heat & Air, Inc.,* 248 S.W.3d 907, 912 (Tex.App.-Dallas 2008, no pet.). In evaluating the legal sufficiency of the evidence to support a finding, we must determine whether the evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994); *Edwards v. Mid–Continent Office Distribs., L.P.,* 252 S.W.3d 833, 836 (Tex.App.-Dallas 2008, pet. denied); *Co-*

*lumbia Med. Ctr. Subsidiary, L.P. v. Meier,* 198 S.W.3d 408, 414 (Tex.App.-Dallas 2006, pet. denied) (citing *City of Keller,* 168 S.W.3d at 822). An appellate court will sustain a no-evidence point when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Marathon Corp. v. Pitzner,* 106 S.W.3d 724, 727 (Tex.2003); *see also City of Keller,* 168 S.W.3d at 810. Evidence does not exceed a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex.2004) (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983)). Anything more than a scintilla of evidence is legally sufficient to support a challenged finding. *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 899 (Tex. App.-Dallas 2006, no pet.).

Any ultimate fact may be proved by circumstantial evidence. *Russell v. Russell,* 865 S.W.2d 929, 933 (Tex. 1993); *see also Hoffmann v. Dandurand,* 143 S.W.3d 555, 559 (Tex.App.-Dallas 2004, no pet.) (ultimate fact is one that is essential to cause of action and would have direct effect on judgment). An ultimate fact is established by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts proved in the case. *Russell,* 865 S.W.2d at 933. However, to withstand a legal sufficiency challenge, circumstantial evidence still must consist of more than a scintilla. *Blount v. Bordens, Inc.,* 910 S.W.2d 931, 933 (Tex.1995). As a general matter, the remedy when a legal sufficiency point is sustained is for the court of appeals to

render judgment on that point. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 86 (Tex.1992); *Armstrong v. Benavides,* 180 S.W.3d 359, 359 (Tex.App.-Dallas 2005, no pet.).

### B. Applicable Law

■■■ Section 12.002(a) of the Texas Civil Practice and Remedies Code provides as follows:

> (a) A person may not make, present, or use a document or other record with:
>
> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>
> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>
> (3) intent to cause another person to suffer:
>
> (A) physical injury;
>
> (B) financial injury; or
>
> (C) mental anguish or emotional distress.

TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a). The party asserting a claim under section 12.002 has the burden to prove the requisite elements of the statute. *See Preston Gate, LP v. Bukaty,* 248 S.W.3d 892, 896–97 (Tex.App.-Dallas 2008, no pet.).

Rule 299 of the Texas Rules of Civil Procedure provides in relevant part

When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment.

TEX.R. CIV. P. 299; *see also Sanders,* 248 S.W.3d at 914 (reviewing evidence to support omitted element "impliedly found" by trial court pursuant to rule 299); *Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.,* 113 S.W.3d 889, 893 (Tex. App.-Dallas 2003, no pet.) (finding on omitted element presumed in accordance with rule 299).

### C. Application of Law to Facts

■■■ The trial court expressly found that the deed of trust "was taken in fraud of Plaintiff's interest in the property" and that Aland "is a Board Certified family lawyer and knew, or should have known, that a valid lien cannot be placed against community property without the consent in writing of both parties." Thus, the trial court's express findings appear to address the first element a claimant under section 12.002 must prove, knowledge that the document or record at issue is a fraudulent court record or a fraudulent lien or claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a)(1). Additionally, the trial court expressly found Aland "intended to create a cloud on the title of the Ashwood property by her filing of the Deed of Trust." That finding appears to address the second element required under section 12.002(a), intent that the document or record at issue be given the same legal effect

as a court record evidencing a valid lien or claim. *See id.* § 12.002(a)(2).

Now we address the findings and the third element of a claim under section 12.002, intent to cause injury under section 12.002(a)(3). *See id.* § 12.002(a)(3); *Preston Gate,* 248 S.W.3d at 897. However, the findings of the trial court do not include an express finding addressing an intent by Aland to cause injury to Martin as required under section 12.002(a)(3). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a)(3). The record shows no request for a such a finding on that element. *See* TEX.R. CIV. P. 299. In this instance, we must review the record to determine if the evidence supports a "presumed finding" that Aland made, presented, or used the lien at issue with intent to cause Martin to suffer physical injury, financial injury, or mental anguish or emotional distress. *See id.; Burnside,* 113 S.W.3d at 893; TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a)(3); *see also Monroe v. Alternatives in Motion,* 234 S.W.3d 56, 62 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (interpreting issue on appeal as challenge to legal sufficiency of evidence to support presumed finding pursuant to rule 299).

According to Martin, there is substantial "evidence" that supports a finding of "intent." [3] However, as to the enumerated evidence, he asserts the proof of Aland's intent must be "inferred" from "common knowledge":

> It is a matter of common knowledge (that the trier of fact was entitled to consider) that interfering with a person's real property rights and interfering with a person's ability to refinance will cause harm to that person. Nonetheless, Aland intentionally interfered with Mr. Martin's rights and did so knowing that there was no legal basis for her actions.

Martin argues "there was both direct and circumstantial evidence of knowledge" by Aland that "a valid lien could not be placed on community property without the consent in writing of both parties." Martin contends that evidence not only supports a finding as to the knowledge of fraud element of section 12.002(a)(1), but also constitutes evidence as to the intent element of section 12.002(a)(3). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a)(1), (3). However, even assuming without deciding that, as argued by Martin, Aland had the requisite knowledge at the time

---

3. That purported evidence is as follows, quoted from Martin's brief before this Court:

> Aland knowingly took a Deed of Trust and filed a lien on community property when such conduct was not permitted under the Family Code;
> Mr. Martin was not told about the lien and was never consulted nor agreed to the filing of the lien against the community property on Ashwood;
> Mr. Martin was awarded the Ashwood property excluding the lien as his separate property;
> Mr. Martin was awarded the real property located on Ashwood as his separate property in the divorce decree;
> Mr. Martin sought to refinance the Ashwood property but was unsuccessful because of the cloud on the title placed by Aland;
> Numerous requests were made upon Aland to remove the lien but she did not do so even though Mr. Martin did not owe her any money;
> Even though Mr. Martin did not owe her any money and the property was awarded to Mr. Martin as his separate property in the divorce, Aland alleged that she was owed $10,000 in communications to the title company and would not release the lien;
> Mr. Martin testified that Aland intended to harm him by filing the invalid lien and by refusing to release the lien;
> Aland did not remove the lien for an additional six months; and
> Until Aland finally released the lien, Mr. Martin "went without" and borrowed "whatever [he] could for necessities."

(citations to record omitted).

the lien was filed to satisfy section 12.002(a)(1), Martin cites no authority that such knowledge on the part of Aland would constitute more than a scintilla of evidence as to the intent to cause injury element of section 12.002(a)(3). *Cf. Taylor Elec. Servs., Inc. v. Armstrong Elec. Supply Co.,* 167 S.W.3d 522, 531–32 (Tex.App.-Fort Worth 2005, no pet.) (knowledge that lien was fraudulent not considered by appellate court as direct or circumstantial evidence in analysis of whether record contained factually sufficient evidence of intent to cause injury under section 12.002(a)(3)).

The July 25, 2006 divorce decree addressed the lien without comment as to its validity. Under the decree, Martin was awarded, in part, the Ashwood property, "including any obligations due thereon, excluding any lien in favor of Wife's attorney." The decree identified Diana Martin as being responsible for the "[d]ebt owed to Linda S. Aland underlying the Deed[ ] of Trust and Promissory Note[ ] executed by Diana Gale Martin against [the Ashwood property]." Further, the decree ordered Diana Martin to "extinguish any debt owed to her attorney, LINDA S. ALAND, underlying the Deed of Trust on [the Ashwood property]." (emphasis original). As originally prepared, the decree included a five-day time limit for Diana Martin to extinguish the debt to Aland. However, that provision was marked out and initialed by the attorneys. The form of the decree signed by the court made no provision for removal of the lien by the parties and placed no such obligation on Aland. When contacted by Land America, Aland provided information regarding the payoff amount of the debt underlying the deed of trust. Aland removed the lien upon payment of the promissory note by Diana Martin.

Aland cites the *Preston Gate* case in support of her contentions as to legal in-

sufficiency. *See Preston Gate,* 248 S.W.3d at 892. That case is helpful in our analysis. In *Preston Gate,* appellee Bukaty filed a lawsuit on behalf of appellee Network Multi–Family Security Corporation against "LTS Group, Inc. d/b/a Preston Gate LP, f/k/a Preston Partners, LP" to recover on a debt owed for construction services. *Id.* at 895. The trial court ultimately rendered a default judgment against only LTS. *Id.* Bukaty served LTS with a writ of execution and filed an abstract of judgment against "LTS Group, Inc. dba Preston Gate, LP fka Preston Partners, LP." *Id.* As a result, property owned by Preston Gate was encumbered by the resulting judgment lien even though the judgment was solely against LTS. *Id.* Despite Preston Gate's request, appellees refused to remove the judgment lien from Preston Gate's property. *Id.* Only after the trial court granted LTS's bill of review and vacated the underlying default judgment did appellees file releases of the judgment lien. *Id.*

Preston Gate asserted claims against appellees for slander of title and filing a fraudulent lien under section 12.002. *Id.* The trial court granted summary judgment in favor of appellees. *Id.* Preston Gate appealed. *Id.* On appeal, in addressing Preston Gate's section 12.002 claim, this Court specifically disagreed with Preston Gate's assertion that appellees' intent to cause it financial injury by filing the abstract of judgment was "self-evident" based on appellees' failure to remove the lien as Preston Gate had demanded. *Id.* at 897. This Court stated

[T]he evidence before the trial court established that the abstract of judgment was filed and based on the existing default judgment obtained by appellees. That judgment was based, in turn, on the contract that Preston Gate had executed with Network. Because the rec-

ord is devoid of any evidence that appellees intended to cause Preston Gate financial injury when it [sic] filed the abstract of judgment, the trial court properly granted summary judgment on this claim.

*Id.*

We reject Martin's proposition that Aland's failure to remove the lien at his request constitutes evidence of intent by Aland to cause him financial injury. *See id.* The portions of the record identified by Martin reveal nothing that constitutes more than a scintilla of evidence Aland intended to cause Martin to suffer "physical injury; financial injury; or mental anguish or emotional distress" as required under section 12.002(a). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a); *City of Keller,* 168 S.W.3d at 810.

██ We are guided by the pronouncement of the Texas Supreme Court that "[w]hen the circumstances are equally consistent with either of two facts, neither fact may be inferred." *City of Keller,* 168 S.W.3d at 813. Based on review of the entire record, including the terms of the divorce decree and the initialed change to the original wording of that decree, we cannot conclude the evidence is any more consistent with an intent on the part of Aland to cause the requisite injury to Martin than with a lack of intent to cause such injury. *See id.; Ford Motor Co.,* 135 S.W.3d at 601 ("To raise a genuine issue of material fact, however, the evidence must transcend mere suspicion. Evidence that is so slight as to make any inference a guess is in legal effect no evidence."); *see also Blount,* 910 S.W.2d at 933 (fact-finder may not infer ultimate fact from "meager circumstantial evidence" that could give rise to any number of inferences, none more probable than another).

██ After viewing all the evidence in a light most favorable to the finding at issue, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not, we conclude there is no more than a scintilla of evidence in the record to support a presumed finding that Aland made, presented, or used the lien at issue with intent to cause Martin to suffer physical injury, financial injury, or mental anguish or emotional distress. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a)(3); *City of Keller,* 168 S.W.3d at 807, 827. Evidence that amounts to no more than a scintilla is, in legal effect, no evidence. *See Kindred,* 650 S.W.2d at 63; *see also City of Keller,* 168 S.W.3d at 810, 822. We conclude this record contains no evidence as to the intent element of section 12.002(a)(3). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a)(3). Aland's second issue is decided in her favor.

## III.  CONCLUSION

Because the evidence is not legally sufficient to support a finding of intent by Aland to cause Martin to suffer the requisite injury under section 12.002, we decide in favor of Aland on her second issue. Aland's first issue need not be addressed. We reverse the trial court's judgment in favor of Martin and render judgment that Martin take nothing against Aland.