Reversed and Remanded and Majority and Concurring Opinions filed May 17,
2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01076-CV

___________________

 

Andy Gray, Appellant

 

V.

 

Entis Mechanical Services, L.L.C.,
Appellee



 



 

On
Appeal from the 61st District Court

Harris County,
Texas



Trial Court Cause No. 2009-24874

 



 

 

MAJORITY OPINION

            Appellant, Andy Gray, appeals the trial court’s
granting of a summary judgment in favor of appellee, Entis Mechanical Services,
L.L.C.  Because we conclude appellee failed to meet its summary judgment
burden, we reverse and remand to the trial court for further proceedings in
accordance with this opinion.

Factual and Procedural Background

            Appellant
conducts business as Lighthouse Electric.  From September 2008 until December
2008 appellant worked as an electrical subcontractor for appellee at a medical
facility in Tomball (the “Tomball Property”).[1] 
Appellant submitted invoices to appellee for the work performed but they were
not paid.  When his own efforts at collecting payment on the outstanding
invoices were not successful, appellant retained an attorney to assist in the
collection effort.

On March 16, 2009
appellant’s attorney sent notice to appellee of his intent to file a mechanic’s
lien on the Tomball Property if the invoices were not paid.  On March 25, 2009,
when the invoices remained unpaid, appellant filed his lien affidavit in the
Harris County property records.  Appellant then sent appellee notice that he
had filed the mechanic’s lien.  Eventually, appellant filed a lawsuit in Harris
County Court at Law Number 4 seeking to collect on the unpaid invoices, which
totaled $30,894.90.  The date this lawsuit was filed is not revealed in the
appellate record.

            On
April 2, 2009 appellee mailed a $30,894.90 check to appellant.  The check was
made payable to both appellant and his attorney.  In the memo line of the check
appellant asserted that the amount was in full payment for all work performed
by appellant on the Tomball Property.  Appellant did not cash the check and
refused to release the lien on the Tomball Property.  

When appellant refused
to negotiate the check, on April 21, 2009 appellee initiated its own lawsuit
against appellant.  Appellee alleged appellant had violated section 12.002 of
the Texas Civil Practices and Remedies Code by filing a fraudulent-lien.  In
its original petition, appellee alleged appellant refused to release the lien
unless appellee paid him an additional $5,790.00.  This allegation is not
supported by any evidence in the summary judgment record.

Appellant filed his
answer on June 19, 2009.  Included in appellant’s answer was the verified
defense that there was already a suit pending between the same parties
involving the same claim.

Soon thereafter,
appellee filed a motion for traditional summary judgment on its fraudulent-lien
cause of action.  The summary judgment evidence consisted of two of appellant’s
lien affidavits, one of which was the lien affidavit for the Tomball Property
at issue in this litigation, appellant’s invoices supporting the Tomball Property
lien affidavit, and an affidavit from Jason Bice, appellee’s manager. 
According to appellee, this evidence conclusively proved each element of its
fraudulent-lien cause of action.

In response to the
motion, appellant initially filed a motion for continuance, which was granted. 
The trial court reset the hearing on appellee’s motion to September 25, 2009.  Ultimately,
appellant did not file a response to appellee’s motion and for reasons not
disclosed in the appellate record, his attorney did not appear at the hearing. 
The trial court granted appellee’s motion for summary judgment and awarded
appellee $10,000.00 in damages as well as attorney’s fees.  In addition, the
trial court entered an order discharging appellant’s lien on the Tomball Property.

Appellant filed a motion
for new trial, which the trial court denied.  This appeal followed.

Discussion

            In seven issues
on appeal appellant challenges the trial court’s granting of appellee’s motion
for summary judgment.  According to appellant, appellee failed to meet its summary
judgment burden of conclusively proving each element of its fraudulent-lien
cause of action. 

 

I.         The standard of
review and applicable law.

            A party moving
for a traditional summary judgment must establish that no genuine issue of
material fact exists and it is entitled to judgment as a matter of law.  See
Tex. R. Civ. P. 166a(c); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215–16 (Tex. 2003).  In particular, a plaintiff moving for
summary judgment must conclusively prove all essential elements of its claim.  Cullins
v. Foster, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied) (citing MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986)).  If
the movant’s motion and evidence facially establish its right to judgment as a
matter of law, the burden shifts to the nonmovant to raise a genuine issue of
material fact sufficient to defeat summary judgment.  M. D. Anderson Hosp.
& Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  The nonmovant
has no burden to respond to a summary judgment motion unless the movant
conclusively establishes each element of its cause of action as a matter of law. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222–23 (Tex. 1999).  The
trial court may not grant summary judgment by default because the nonmovant did
not respond to the summary judgment motion when the movant’s summary judgment
proof is legally insufficient.  Id. at 223.  On appeal, the nonmovant
need not have responded to the motion to contend the movant’s summary judgment
proof is insufficient as a matter of law to support summary judgment.  Id.


We review a summary judgment de novo.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  We take all evidence
favorable to the nonmovant as true and indulge every reasonable inference and
resolve any doubts in favor of the nonmovant.  Id.  On appeal, the
movant still bears the burden of showing there is no genuine issue of material
fact and the movant is entitled to judgment as a matter of law.  Rhone-Poulenc,
Inc., 997 S.W.2d at 223.

            Appellee, as the
party asserting that appellant’s lien was fraudulent, had the burden to prove
the requisite elements of the statute.  Walker & Assoc. Surveying, Inc.
v. Roberts, 306 S.W.3d 839, 847 (Tex. App.—Texarkana 2010, no pet.) (citing
Aland v. Martin, 271 S.W.3d 424, 430 (Tex. App.—Dallas 2008, no pet.)). 
The fraudulent-lien statute in effect at the time of the events underlying this
litigation provides:

(a)       A person may not make, present, or use a document
or other record with:

            (1)       knowledge that the document or other
record is a fraudulent court record or a fraudulent lien or claim against real
or personal property or an interest in real or personal property;

            (2)       intent that the document or other
record be given the same legal effect as a court record or document of a court
created by or established under the constitution or laws of this state or the
United States or another entity listed in Section 37.01, Penal Code, evidencing
a valid lien or claim against real or personal property or an interest in real
or personal property; and

            (3)       intent
to cause another person to suffer:

                        (A)      physical
injury;

(B)      financial
injury; or

                        (C)      mental
anguish or emotional distress.

 

Tex. Civ. Prac. & Rem.
Code Ann. § 12.002 (West Supp. 2009).  In order to establish a fraudulent-lien
in this case, appellee’s summary judgment evidence had to conclusively prove as
a matter of law that appellant (1) made, presented, or used a document with knowledge
that it was a fraudulent-lien; (2) intended the document be given legal effect;
and (3) intended to cause appellee financial injury.  Walker & Assoc.
Surveying, Inc., 306 S.W.3d at 848 (citing Tex. Civ. Prac. & Rem. Code
Ann. § 12.002(a)).  Therefore, in this appeal, we must initially determine
whether appellee met its summary judgment burden and conclusively proved each
of these elements.  Only if we decide the answer to this initial question is
yes, must we then address whether appellant was required to come forward with
summary judgment evidence raising a genuine issue of material fact.

II.        Did appellee
satisfy its summary judgment burden?

Because it is dispositive of this appeal, we turn
first to appellant’s fourth issue.  In this issue appellant asserts appellee’s
summary judgment evidence did not conclusively prove appellant intended to
cause appellee financial harm when he filed the lien on the Tomball Property.

To prove the third element of its fraudulent-lien
cause of action, appellee relied on four different categories of summary
judgment evidence.  First, appellee attached a second lien affidavit filed by
appellant on a different parcel of real property located in Tomball.  Second,
appellee attached the $30,894.90 check sent to appellant as full payment for
the electrical work performed on the Tomball Property.  The third category of
evidence consisted of two letters sent by appellee’s attorney asking appellant
to release the lien on the Tomball Property.  Finally, appellee referenced a
small part of Jason Bice’s affidavit that states:

At the time that Entis Mechanical Services, LLC forwarded
its checks to Andy Gray, Entis Mechanical Services, LLC, through its attorney,
requested Andy Gray to release the five liens ….  None of these liens have not
been released.  All of these liens, filed in the real property records of 3
counties, make it appear that Entis Mechanical Services, LLC does not pay its
contractors or suppliers.  

Despite Bice’s use of a
double negative, appellee contends this testimony establishes that appellant
refused to release the lien on the Tomball Property.[2]  According to
appellee, the collective effect of this evidence conclusively proves appellant
intended to cause appellee financial harm when he filed the lien affidavit.

            We disagree this
evidence proves as a matter of law appellant intended to cause appellee
financial harm.  First, we fail to see how a lien affidavit filed on an
unrelated parcel of real property has any relevance to this dispute and appellee
has not pointed out any legal authority establishing its relevance.  Second, we
also fail to see how appellant’s refusal to cash appellee’s check marked “paid
in full” and release the lien associated with the disputed amount owed
established intent to cause financial harm as a matter of law.  To reach the
conclusion proffered by appellee based on these items of evidence would require
this court to completely ignore the summary judgment standard of review. 
Instead, we conclude that, at most, the evidence creates a genuine issue of
material fact for a jury’s resolution.  Walker & Assoc. Surveying, Inc.,
306 S.W.3d at 849; see Preston Gate, L.P. v. Bukaty, 248 S.W.3d
892, 897 (Tex. App.—Dallas 2008, no pet.) (rejecting plaintiff’s argument that
intent to cause financial injury was self-evident based on refusal to remove
lien after demand by plaintiff).  We sustain appellant’s fourth issue on
appeal.[3]

Conclusion

            Having sustained
appellant’s fourth issue on appeal, we reverse the judgment of the trial court
as well as the order discharging appellant’s lien on the Tomball Property, and
remand this case to the trial court for further proceedings consistent with
this opinion.   

 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown. (Frost, J., Concurring).

 









[1] In addition to the
electrical repair work performed on the Tomball Property, appellant also
performed electrical work on four other properties owned by the same entity. 
Appellant also filed liens on those properties when he did not receive payment
on his invoices.  These liens are not at issue in this appeal.





[2] Because appellant admits
he has not released the lien on the Tomball Property, we need not address what,
if any, effect Bice’s use of a double negative might have had on this case.





[3] Because we have sustained
appellant’s fourth issue, we need not address his remaining issues on appeal.  Tex.
R. App. P. 47.1.