Opinion issued June 2, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01093-CV

———————————

Kim O. Brasch and Maria C. Floudas, Appellants

V.

Kirk A. Lane
and Daniel Kirk,
Appellees



 



 

On Appeal from the 127th District Court 

Harris County, Texas



Trial Court Case No. 2008-32481

 



 

MEMORANDUM OPINION

          Kim Brasch and
Maria Floudas appeal a traditional summary judgment finding them liable for
fraudulently filing a notice of lis pendens.[1]  Kirk Lane and Daniel Kirk sued Brasch and
Floudas for damages under section 12.002 of the Civil Practice and Remedies
Code alleging they knowingly and intentionally filed the fraudulent lis
pendens.[2]  The trial court granted Lane and Kirk’s
traditional motion for summary judgment. 
On appeal, Brasch and Floudas raise two issues.  First, they contend Lane and Kirk did not
conclusively prove all the elements of their claims under section 12.002.  They also contend that an absolute judicial
privilege protects the filing of their lis pendens and bars Lane and Kirk’s
claims for damages.  

          We reverse and
remand for further proceedings. 

Background

          In an earlier lawsuit, Brasch, Floudas,
and the company they owned sued Kirk, Lane, and several of their companies on
multiple grounds arising from past business dealings.  A jury found all defendants liable and the
trial court rendered a money judgment against all defendants, Kirk, Lane, and
the corporate defendants.  The trial court
later granted a motion to disregard a portion of the jury’s verdict and issued
an amended final judgment in November 2007. 
Big Dog Logistics, Inc. v.
Strategic Impact Corp., 312 S.W.3d 122, 130 (Tex. App.—Houston [14th Dist.]
2010, pet. denied).  The trial court held
the corporate defendants liable to Brasch and Floudas for breach of contract,
but Kirk and Lane were not individually liable. 
Id.  The trial court ordered that Brasch and
Floudas take nothing on their fraud and conspiracy claims.  Id.  The corporate defendants and Brasch and
Floudas filed cross-appeals to the amended final judgment.[3]

          On February 4, 2008, while the appeal
was pending, Brasch and Floudas filed a lis pendens in the Harris County
Clerk’s records asserting that the first suit might affect the title to Kirk
and Lane’s personal homes.  The notice
states that “The purpose of the lawsuit is to resolve business disputes which
may relate to ownership rights of the real property.”  Nothing in the record indicates that Brasch
and Floudas served Kirk and Lane with notice of the lis pendens.

          Kirk
discovered the lis pendens in April 2008 while attempting to close on the sale
of the home listed in that notice.  Kirk
and Lane sent a letter to the attorney representing Brasch and Floudas stating
that the underlying lawsuit did not affect an interest in the homes and
demanding that the lis pendens be released within 24 hours.  The letter stated that the lis pendens caused
“delays and other issues” with Kirk’s closing and that further delays might
result in a different interest rate or other damages.  Kirk and Lane received no response to their
letter.

          In May 2008,
Kirk and Lane filed a second lawsuit which forms the basis of this appeal.  They asserted claims under chapter 12 of the
Civil Practice and Remedies Code and section 32.49 of the Texas Penal Code for
damages resulting from Brasch and Floudas’s knowingly and intentionally filing
a fraudulent lis pendens.  Brasch and
Floudas filed an answer asserting that Kirk and Lane fraudulently transferred
money into their homes from the companies named in the first suit’s amended
final judgment to prevent Brasch and Floudas from collecting on the amended
judgment.  They also filed counterclaims
against Kirk, Lane, and their attorney that were later nonsuited.  A hearing was held on December 11, 2008
during which, according to the docket sheet, “The pro se defendants could not
provide any valid basis in support of filing the lis pendis [sic] which is the
subject of suit to set aside the l/p. 
Defendants given opportunity to seek legal advice.”  Brash and Floudas filed a release of the lis
pendens the next day on December 12, 2008. 
Thus, the lis pendens was on file for less than 11 months.

          Weeks later, Kirk and Lane filed a
traditional summary judgment motion seeking to recover damages and attorney’s
fees incurred as a result of the fraudulent lis pendens.[4]  They asserted that their homes were not part
of the first lawsuit cited by the lis pendens and that the judgment was not
against Kirk or Lane individually, but instead was against their respective
corporations.  They further asserted that
Brasch and Floudas intended the lis pendens to cause them harm because they
failed to release the notice after receiving the demand letter.  As summary judgment evidence they relied on
the judgment from the first lawsuit, the lis pendens and release, the demand
letter, Brasch and Floudas’s answer and counterclaim, and an affidavit from
their attorney swearing to the authenticity of the documents and testifying to attorney’s
fees.  

In response, Brasch and Floudas asserted that Kirk and Lane
“denuded” the judgment debtor companies of any monetary value and that the lis
pendens was rightfully filed.  As summary
judgment evidence, they relied on a diagram demonstrating what they allege to
be “Financial Oddities,” an appraisal list from Kirk’s unrelated divorce
proceeding, and various excerpts of deposition and trial testimony from the
first suit demonstrating that Kirk and Lane bought homes within a year of trial
in the first suit.  They also relied on
statements by the trial court at a post-trial hearing in the first lawsuit that
the court believed the judgment-debtor companies had a net worth of zero and
that Kirk and Lane “intentionally created that zero balance for purposes of
this lawsuit.”  

The trial court granted summary judgment for Kirk and
Lane.  Brasch and Floudas filed a motion
for new trial challenging summary judgment on several grounds and raised the
issue for the first time that their lis pendens falls within an absolute
judicial privilege and cannot be the basis of a suit for damages.  The trial court overruled the motion by
operation of law and Brasch and Floudas timely appealed.  

Summary Judgment 

          Brasch and Floudas contend that the
trial court erred in granting summary judgment because Kirk and Lane failed to
prove all the elements conclusively to recover under section 12.002 and an
absolute judicial privilege protects their lis pendens.  See Tex. Civ. Prac. & Rem. Code Ann. §
12.002 (West Supp. 2010).

A.      Standard of Review

We review a trial
court’s summary judgment de novo.  Travelers
Ins. Co. v. Joachim, 315 S.W.3d
860, 862 (Tex. 2010).  Under the
traditional standard for summary judgment, the movant has the burden to show
that no genuine issue of material fact exists and the trial court should grant
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); KPMG Peat
Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  The motion must state the specific grounds
relied upon for summary judgment.  See Tex.
R. Civ. P. 166a(c).  When reviewing a summary judgment
motion, we must (1) take as true all evidence favorable to the nonmovant, and
(2) indulge every reasonable inference and resolve any doubts in the
nonmovant’s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005); Provident Life & Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). 


B.      Lis Pendens

A lis pendens is a notice recorded in the chain of title that
warns all persons that certain real property is the subject matter of
litigation.  See Tex. Prop. Code Ann.
§ 12.007 (West Supp. 2010).  “The purpose
of a notice of lis pendens [is] to put those interested in a particular tract
of land on inquiry about facts and issues involved in the suit and to put
prospective buyers on notice that they acquire any interest subject to the
outcome of the pending litigation.”  Countrywide Home Loans, Inc. v. Howard,
240 S.W.3d 1, 3 (Tex. App.—Austin 2007, pet. denied).  “A party may file a lis pendens during the pendency of an
action involving: 1) title to real property, 2) the establishment of an
interest in real property, or 3) the enforcement of an encumbrance against real
property.”  Flores v. Haberman, 915 S.W.2d 477, 478 (Tex. 1995) (orig.
proceeding) (citing Tex. Prop. Code Ann. § 12.007(a)).  The
suit underlying a lis pendens must “claim a direct interest in real property,
not a collateral one.  In other words,
the property against which the lis pendens is filed must be the subject matter
of the underlying lawsuit.”  Long Beach Mortg. Co. v. Evans, 284
S.W.3d 406, 414 (Tex. App.—Dallas 2009, pet. denied) (holding lis pendens valid
in action for constructive trust when seeking rescission of sale of real
property); compare with Countrywide Home Loans, 240 S.W.3d
at 6–7 (holding lis pendens invalid because underlying suit concerned
fraudulently obtained corporate funds and not the property bought with those
funds).

C.      Liability
Under Civil Practice & Remedies Code Section 12.002

          In their first issue, Brasch and
Floudas contend the trial court erred in granting the summary judgment motion
because Kirk and Lane failed to prove all the elements of section 12.002
conclusively.  See Tex. Civ. Prac. &
Rem. Code Ann. § 12.002.  Section
12.002(a) provides:

(a) A person may not make, present, or use a document or
other record with:

 

(1) knowledge that the document or other record is a
fraudulent court record or a fraudulent lien or claim against real or personal
property or an interest in real or personal property;

 

(2) intent that the document or other record be given the
same legal effect as a court record or document of a court created by or
established under the constitution or laws of this state or the United States
or another entity listed in Section 37.01, Penal Code, evidencing a valid lien
or claim against real or personal property or an interest in real or personal
property; and

 

(3) intent to cause another person to
suffer:

 

(A) physical injury;

 

(B) financial injury; or

 

(C) mental anguish or emotional
distress.

 

Id. § 12.002(a).  Kirk
and Lane bore the burden to show all of the above elements as the summary
judgment movants and the parties asserting a claim under section 12.002.  See Aland
v. Martin, 271 S.W.3d 424, 430 (Tex. App.—Dallas 2008, no pet.).  A party who satisfies the section 12.002(a)
requirements may recover $10,000 or the actual damages caused by the violation,
whichever is greater, in addition to court costs, attorney’s fees, and
exemplary damages.   See Tex. Civ. Prac. & Rem. Code Ann. § 12.002(b).

Brasch and Floudas assert that Kirk and Lane failed to prove
conclusively several elements under section 12.002.  Specifically, they assert Kirk and Lane
failed to establish whether: (1) the lis pendens was a court record, lien, or
claim against or interest in real property as defined by section 12.002(a); (2)
the lis pendens was fraudulent; (3) Brasch and Floudas knew the lis pendens to
be fraudulent; (4) they intended the document to be given the same legal effect
as a valid claim; and (5) they intended to cause physical, financial, or
emotional injury.   Assuming without deciding that Kirk and
Lane conclusively proved the other elements of 12.002, we examine the evidence
supporting the intent to cause injury.  

          The Texas courts of appeals that have
considered the intent to cause injury element under section 12.002 have rarely
held the evidence to be sufficient to prove the element as a matter of
law.  In Preston Gate, LP v. Bukaty, 248 S.W.3d 892, 897 (Tex. App.—Dallas
2008, no pet), the Dallas Court of Appeals rejected the idea that the intent to
cause harm was “self-evident” from the filing of a fraudulent claim under
section 12.002.  The defendants in Preston filed an abstract of judgment
that listed several parties that had not been included in the final judgment
and sought a lien against property of the parties incorrectly listed in the
abstract.  Preston Gate, 248 S.W.3d at 895. 
The plaintiffs demanded the lien be removed, informing the defendants
that the entities listed in the abstract were separate and distinct, and later
sued under section 12.002 for filing a fraudulent lien.  Id.  The trial court granted the defendants’
no-evidence summary judgment, and the Dallas Court affirmed stating that the
evidence established only that the lien had been filed and was incorrect, not
that the defendants intended to cause injury. 
Id. at 897.      

The Dallas Court issued a similar holding in Aland v. Martin, a divorce action tried
to the bench.  271 S.W.3d at 426.  In Aland,
the evidence demonstrated that the party had suffered an injury as a result of
a fraudulent lien and that the injured party had made numerous requests to
remove the lien.  Id. at 431 n.3.  Otherwise,
the only evidence was the failure to remove the fraudulent lien.  See id.  The Dallas Court stated that “We are guided by the pronouncement of the Texas Supreme Court that
‘[w]hen the circumstances are equally consistent with either of two facts,
neither fact may be inferred.’”  Id. at 433 (citing City of Keller v.
Wilson, 168 S.W.3d 802, 813
(Tex. 2005)).  The court explained that
the record led to two equal inferences, intent to cause injury and lack of
intent.  Therefore, the evidence was
legally insufficient to support the trial court’s finding of intent to cause
injury under section 12.002.  Id.

          Kirk
and Lane rely on their demand letter to satisfy their burden of proof as
movants and attempt to distinguish Preston
and Aland.  They assert that in contrast to the parties
in Preston and Aland who only demanded that the fraudulent liens be removed, Kirk
and Lane expressly informed Brasch and Floudas that they had suffered an injury
and would continue to suffer injury without the removal of the lis pendens.[5]  Brasch and Floudas never responded to the
demand letter and Kirk and Lane filed this suit a month after sending the
letter.  

          The failure to remove the
notice does not amount to proof of intent to cause injury.  See
Aland, 271 S.W.3d at 433; see also
Preston, 248 S.W.3d at 897.  Kirk and
Lane, therefore, rely largely on their demand letter.  But the demand letter is not conclusive
evidence of an intent to cause injury for several reasons.  First, despite Kirk and Lane’s attempts to
distinguish the cases, Preston and Aland do not provide details of the
substance of the demands made by the injured parties in those cases.  Preston
does say the attorney indicated the entity wrongfully included on the abstract
of judgment were separate entities, but provides no further details as to the
contents of the demand.  Distinguishing Aland and Preston on this ground is therefore tenuous.

Second, the injured party sent the
demand letter in this case.  Wrongful
intent is much easier to read into a party’s own words rather than to read such
intent into a failure to respond to a letter from the injured party.  See Taylor Elec. Srvcs., Inc. v. Armstrong Elec.
Supply Co., 167 S.W.3d 522, 531–32 (Tex. App.—Fort Worth 2005, no
pet.).  The demand letter in Taylor originated with the party accused
of violating section 12.002 and, in their own words, acknowledged the
possibility of harm as a result of filing a fraudulent lien.  See
Taylor, 167 S.W.3d at 531.  In
contrast, a party may simply
disbelieve claims of an opposing party.  We cannot
read something Kirk and Lane wrote to find conclusively that Brasch and Floudas
intended to cause injury to Kirk and Lane. 


Finally, Aland directs us to consider whether intent to cause injury existed
at the time of the filing of the lis pendens. 
See Aland, 271 S.W.3d at 431–32.  The demand letter was sent over two months
after the lien was filed.  While not
dispositive, the timing further undermines Kirk and Lane’s reliance on the
demand letter.  See Walker & Assocs. Surveying, Inc. v. Roberts, 306 S.W.3d
839, 849 (Tex. App.—Texarkana 2010, no pet.) (holding that evidence of filing
party’s awareness that affidavits were inaccurate and fraudulent under section
12.002 at their deposition did not equate to knowledge and intent to injure at
the time of filing).

In addition to the demand letter,
Kirk and Lane rely on evidence suggesting that Brasch and Floudas knew that the
lis pendens was improperly filed against property not the subject of the
underlying suit.  The final judgment in the underlying suit
concerned the corporate entities of both sides rather than Kirk and Lane
individually.  They assert that the lis
pendens read in conjunction with the judgment indicates that Brasch and Floudas
intended to include Kirk and Lane’s personal real property in the litigation,
even though the underlying litigation concerned business disputes and did not
concern the real property.  The filing of
an improper lis pendens alone, however, would not support a finding of intent
to injure.  See Aland, 271 S.W.3d at 433; Preston
Gate, 248 S.W.3d at 897.

Kirk and Lane also rely on the fact that Brasch and Floudas
did not give them notice of the lis pendens as required by statute to prove the
intent to cause harm element.  See Tex.
Prop. Code Ann. § 12.007(d) (requiring party filing lis pendens to give
notice within three days to all parties to underlying lawsuit with interest in
real property).  They assert that the
failure to give proper notice indicates secrecy.  See
Dimas v. Vanderbilt Mortg. & Fin., Inc., No. C-10-68, 2010 WL 3342216,
at *5 (S.D. Tex. Aug. 25, 2010) (denying motion to dismiss section 12.002
action because secretive filing of fraudulent lien raised a fact issue on
intent to injure nonmovant).  The failure
to give notice, however, raises a fact issue on intent to cause injury rather
than conclusively proving the element.  See
Walker, 306 S.W.3d at 849; see also Dimas, 2010 WL 3342216, at *5.

Further, Brasch and Floudas filed
the lis pendens as a result of what they believed to be wrongful conduct by
Kirk and Lane.  Though not evidence, they
cite to statements by the trial court at a post-trial hearing that “I am convinced that the net
worth of the companies in question may be considered to be zero and I’m further
convinced that [Kirk and Lane] have intentionally created that zero balance for
purposes of this lawsuit.”  While these
statements are not evidence, they suggest that Brasch and Floudas’ believed
that their interest was threatened and that they were merely protecting their
rights and not affirmatively attempting to harm Kirk and Lane.  

We conclude a fact issue exists whether Brasch and Floudas
intended to injure Kirk and Lane by filing the notice of lis pendens.  Because a fact issue exists on one element
under section 12.002, we need not address the remaining elements.  We
sustain Brasch and Floudas’s first issue. 


Judicial Privilege

We do not address the second issue raised by Brasch and
Floudas, that an absolute judicial privilege bars an independent right to
recover because a lis pendens is part of a judicial proceeding.  They raised this issue for the first time in
their motion for new trial.  Therefore,
they failed to present the issue to the trial court as a ground to deny the
summary judgment motion and failed to preserve the issue as a ground for
reversing the summary judgment.  See Kelley-Coppedge, Inc. v. Highlands Ins.
Co., 980 S.W.2d 462, 467 (Tex. 1998); see
also City of Lancaster v. Clopton, 246 S.W.3d 837, 839 (Tex. App.—Dallas
2008, no pet.).

We overrule Brasch and Floudas’s second issue.

Conclusion

          Because Kirk and Lane failed to prove
the intent to injure element under their section 12.002 claim, we hold the
trial court improperly granted their summary judgment motion.  We reverse and remand this case to the trial
court for further proceedings.

                                                                   

 

 

Harvey
Brown

                                                                   Justice


 

Panel consists of Justices Jennings, Higley, and
Brown.











[1]
          See Tex. Civ. Prac. & Rem. Code Ann. § 12.002 (West Supp. 2010) (stating cause of action for knowingly
filing a fraudulent court document); see Tex. Prop Code Ann. § 12.007 (West
Supp. 2010) (stating requirements for valid and enforceable lis pendens).  A lis pendens is “[a] notice, recorded in the
chain of title to real property, required or permitted in some jurisdictions to
warn all persons that certain property is the subject matter of litigation, and
that any interests acquired during the pendency of the suit are subject to its
outcome.”  Black’s Law Dictionary 1015 (9th ed. 2009). 

 





[2]           See Tex.
Civ. Prac. & Rem. Code Ann. § 12.002.  





[3]
          The Fourteenth Court of Appeals
reversed and rendered a take nothing judgment on Brasch and Floudas’s breach of
contract claim.   Big Dog Logistics, Inc. v. Strategic Impact Corp., 312 S.W.3d 122,
125 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).  The court affirmed all other portions of the judgment
with the result that Brasch and Floudas failed to recover on any of their
claims.  Id.





[4]           The summary judgment included a
no-evidence motion with regard to the counter claims, but these have been
nonsuited.  The remainder of the motion
is solely a traditional motion for summary judgment.





[5]           Also,
the demand letter clearly states
that Kirk was in the process of closing on his home, that the lis pendens had caused problems and
delays, and it would continue to
cause problems and delays.