**Affirm and Opinion Filed June 9, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00076-CV**
_____

**VENKY VENKATRAMAN, Appellant**
**V.**
**STEPHEN D. SKINNER AND JYOTI MASUREKAR, Appellees**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-11968-V**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Appellant Venky Venkatraman appeals an adverse judgment entered following a bench trial. In a single issue, Venkatraman argues the district court erred by failing to assess damages against appellees Stephen D. Skinner and Jyoti Masurekar pursuant to section 12.002(b) of the Texas Civil Practice and Remedies Code. We affirm the district court's judgment.

FACTUAL BACKGROUND

Venkatraman and Masurekar divorced on June 1, 2005.[1] Litigation between Venkatraman and Masurekar has been ongoing for several years, and Venkatraman has repeatedly appeared before this Court as part of their high-conflict relationship. *See Interest of S.V.*, No. 05-19-00548-CV, 2022 WL 696815, at *1 (Tex. App.—Dallas Mar. 8, 2022, no pet. h.) (collecting cases). In some of the proceedings, Masurekar's attorneys were awarded attorney's fees, and Venkatraman failed to pay those fees. Venkatraman also failed to pay court-ordered child support.

Appellees recorded three abstracts of judgments and two child support liens in Dallas County (collectively, the Liens). In response, Venkatraman filed an original petition and a supplemental petition asking the district court to vacate the Liens. He also sought relief pursuant to section 12.002(b) of the Texas Civil Practice and Remedies Code. Section 12.002 of the civil practice and remedies code prohibits a person from making, presenting, or using a document or other record with:

> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
> (3) intent to cause another person to suffer:
>     (A) physical injury;

---

[1] Venkatraman and Masurekar have two children now over 18 years of age. This appeal does not relate to the children.

(B) financial injury; or
(C) mental anguish or emotional distress.

TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a). A person who violates section (a) is liable to each injured person for the greater of $10,000 or actual damages, court costs, reasonable attorney's fees, and exemplary damages. *Id.* § 12.002(b).

At trial, Venkatraman testified he believed specific portions of the Liens were incorrect. Masurekar maintained no fraudulent activity occurred with respect to the Liens, and to the best of her knowledge, the Liens were based on documents signed by the district court. Venkatraman also admitted he had not paid attorney's fees previously ordered by the district court, and Masurekar testified that Venkatraman had not paid attorney's fees previously awarded to her lawyer.

After trial, the court issued a memorandum ruling stating the court was concerned "with the imprecise manner in which the liens were prepared and whether one for [a] judgment on appeal should have been filed at all." Nevertheless, the district court noted, Venkatraman did not dispute his failure to pay child support or court-ordered attorney's fees. The memorandum ruling states the district court "cannot find from the evidence the intent element of section 12.002(a)(3); therefore, the relief is denied." Venkatraman then filed a Motion to Reconsider, Clarify, and, Alternatively, Re-Open Evidence, and the court held a hearing on the motion. One month later, the district court issued its judgment in which it ordered appellees to vacate the three abstracts of judgment; the judgment enumerates specific incorrect

information contained in each abstract of judgment. The district court also ordered appellees to vacate the two child support liens, and the judgment sets forth the information in the liens that the court determined was incorrect. The judgment reiterates the district court could not find the intent element of section 12.002(a)(3), and the district court denied Venkatraman's requests for damages, court costs, attorney's fees, and exemplary damages under section 12.002(b). This appeal followed.

LAW & ANALYSIS

In a single issue, Venkatraman argues the evidence conclusively establishes appellees intended to cause financial injury and mental anguish or emotional distress to him. Specifically, Venkatraman's appellate brief states: "this Court must FIND that evidence of Intent of [appellees] to cause financial injury and mental anguish or emotional distress to [Venkatraman] due to [appellees] filing fraudulent liens exists on the record based on which it must award [damages] in favor of [Venkatraman]." Although Venkatraman phrases his issue as the district court abusing its discretion by failing to award damages against appellees pursuant to section 12.002(b), we believe Venkatraman's issue is one of legal sufficiency.

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which the party had the burden of proof, it must show that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). When

addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding—crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). In a bench trial, the trial court is the sole judge of the credibility of the witnesses and may believe one witness over another and resolve any conflicts or inconsistencies in the testimony. *Shaw v. County of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied).

"The Texas courts of appeals that have considered the intent to cause injury element under section 12.002 have rarely held the evidence to be sufficient to prove the element as a matter of law." *Brasch v. Lane*, No. 01-09-01093-CV, 2011 WL 2183876, at *4 (Tex. App.—Houston [1st Dist.] June 2, 2011, no pet.); *see also Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no pet.) (rejecting argument that intent to cause harm was "self-evident" from filing a fraudulent claim under section 12.002); *Aland v. Martin*, 271 S.W.3d 424, 432 (Tex. App.—Dallas 2008, no pet.).

Venkatraman's argument on appeal relies wholly on his assertion that the district court found the Liens to be fraudulent. Therefore, he insists, the Liens must have been filed with the requisite intent. The district court found the Liens were

prepared in an "imprecise manner" and questioned "whether one for judgment on appeal should have been filed at all"; the district court did not find the Liens to be fraudulent. A lien may be invalid and unenforceable but not necessarily fraudulent. *See MFG Fin., Inc. v. Hamlin*, No. 03-19-00716-CV, 2021 WL 2231256, at *4 (Tex. App.—Austin June 3, 2021, pet. denied) (citing *Walker & Assocs. Surveying, Inc. v. Roberts*, 306 S.W.3d 839, 849 (Tex. App.—Texarkana 2010, no pet.)).

After reviewing the record, we conclude there is no evidence showing appellees intended to cause physical injury, financial injury, mental anguish, or emotional distress to Venkatraman by filing the Liens. Accordingly, Venkatraman has failed to meet his appellate burden to show the evidence establishes as a matter of law all vital facts to support his complaint that the district court was required to award damages in his favor pursuant to section 12.002(b). We overrule Venkatraman's sole issue.

## CONCLUSION

We affirm the district court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
210076f.p05                                JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VENKY VENKATRAMAN,
Appellant

No. 05-21-00076-CV     V.

STEPHEN D. SKINNER AND
JYOTI MASUREKAR, Appellees

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-04-11968-
V.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Stephen D. Skinner and Jyoti Masurekar recover their costs of this appeal from appellant Venky Venkatraman.

Judgment entered this 9th day of June 2022.