**In re Christine Marie ALLEY.**

**No. 06–99–00109–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 19, 1999.

Decided Aug. 20, 1999.

Errol N. Friedman, Friedman Law Offices, John R. Mercy, Atchley, Russsell, Waldrop, Texarkana, for relator's.

John F. Miller, Jr., Texarkana, for respondent.

Jim Hooper, Friedman & Hooper, Troy A. Hornsby, Miller, James, Miller, Wyly, Hornsby, Texarkana, for real parties in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Christine Alley filed a request for a writ of mandamus from this Court ordering the trial court to dismiss this child custody proceeding in the 102nd Judicial District Court of Bowie County, Texas, for lack of jurisdiction or to order the trial court to withdraw its temporary order and return the children to Christine Alley.

The trial court denied the motion to dismiss on the basis of jurisdiction and ordered the minor children to remain in the possession of the real party in interest, Michael Alley, until a hearing is held on the motion to modify.

The Alleys were divorced on February 18, 1997, and were appointed joint managing conservators of the two minor children. Christine Alley was, in effect, the primary managing conservator with the right to designate the residence and have custody of the children the majority of the time, with Michael Alley having visitation. On April 22, 1999, Michael Alley filed a proceeding to modify, asking the court to give him the right to designate the residence of the children and to have custody of the children the majority of the time. Christine Alley filed a motion to dismiss for improper venue, which we deem to be a motion to dismiss for want of jurisdiction. Through affidavits, it was established that Christine Alley and the children had lived more than six months in the State of New Mexico. She had moved several times within the State of New Mexico. Michael Alley resides in Bowie County, Texas.

At a second hearing on July 27, 1999, there was testimony that Christine Alley was in the process of moving to Ohio. Counsel in this case has stipulated that she has now moved to Ohio.

A writ of prohibition directs a lower court to refrain from doing some act, while a writ of mandamus commands a lower court to do some act. *Tilton v. Marshall*, 925 S.W.2d 672, 676 n. 4 (Tex. 1996). The same principles control the use of both writs when they are invoked to correct the unlawful assumption of jurisdiction by an inferior court. *Id.* Accordingly, either writ is an appropriate means to require a trial court to vacate a void order arising out of an erroneous assertion of jurisdiction under the Texas Uniform

Child Custody Jurisdiction Act ("TUC-CJA"). *See Geary v. Peavy*, 878 S.W.2d 602, 604–05 (Tex.1994) (per curiam) (treating TUCCJA jurisdiction as subject matter jurisdiction); *In re S.A.V.*, 837 S.W.2d 80, 87 (Tex.1992). In *Geary*, the court held the "unique and compelling circumstances" in that case mandated application of the *Dikeman* rule, which relieves the relator of the burden to show his remedy by appeal is inadequate. *Geary*, 878 S.W.2d at 603; *see Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973).

■ Recently, the Supreme Court resolved the issue left open in *Geary* in favor of the *Dikeman* rule. *See In re Union Pacific Resources Co.*, 969 S.W.2d 427, 428 (Tex.1998). Accordingly, a writ of mandamus may issue to require a trial court to dismiss a proceeding over which it does not have subject matter jurisdiction under the TUCCJA without requiring the relator to demonstrate the inadequacy of his appellate remedy. *In re Jeffries*, 979 S.W.2d 429, 433 (Tex.App.-Waco 1998, orig. proceeding).

Section 152.003 of the Texas Family Code sets out the jurisdiction of a court to make child custody determinations by initial decree or modification decree or order, providing alternative requirements for jurisdiction for such a proceeding. TEX. FAM. CODE ANN. § 152.003 (Vernon 1996 & Supp. 1999).

Subsection (a)(1) as applied to Texas does not give the Texas court jurisdiction because the six-month home state requirement for the children has not been met. *See In re S.A.V.*, 837 S.W.2d at 87.

Subsection (a)(2) does not give Texas jurisdiction because it requires a showing that no other state would have jurisdiction under Subdivision (1). Because the evidence shows that the children have resided more than six months in the State of New Mexico, that state would still have jurisdiction.

Subsection (a)(3) requires abandonment or a showing that the child has been sub-jected to or threatened with mistreatment or abuse, or is otherwise neglected, or there is a serious and immediate question concerning the welfare of the child. Such a necessity for an emergency has not been shown or alleged in the pleadings.

■ Subdivision (a)(4) as applied to the Texas court jurisdiction reads as follows:

(a) A court of this state that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree or order if:

. . . .

(4) it is in the best interest of the child that the court assume jurisdiction and:

(A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with Subdivision (1), (2), or (3). . . .

A reading of this section requires us to examine the applicability of Subdivisions (1), (2), and (3) to the State of New Mexico. The only one of these subdivisions that could be applicable to the present case is Subdivision (1). This is applied to the State of New Mexico to determine if it would have jurisdiction under the prerequisite set out in Subdivision (1). Subdivision (1) reads as follows:

(1) this state [New Mexico in this case]:

(A) is the home state of the child on the date of the commencement of the proceeding; or

(B) had been the child's home state within six months before the date of the commencement of the proceeding and the child is absent from this state because of the child's removal or retention by a person claiming the child's custody or for other reasons, and a parent or person acting as parent continues to live in this state.

■ The evidence shows that the children and mother had lived for at least six months in the State of New Mexico before

the commencement of the proceeding. It is also undisputed that at the time of the second hearing, the mother was in the process of moving to Ohio and now lives there. This requires an interpretation of the statute that requires that a parent or person acting as parent continue to live in the state. The prepositional phrase "before the date of the commencement of the proceeding" is used grammatically to apply to the six-month home state requirement of the children, but is not tied to the provision requiring that the parent continue to live in the state. The general rule in Texas is that jurisdiction attaches at the time of the filing of a proceeding. *Hughes v. Atlantic Ref. Co.*, 424 S.W.2d 622, 625 (Tex.1968). Because this is a uniform code, adopted by many states, we have also looked at its applications in other states, because this jurisdictional question has not been addressed in Texas. Cases from other states applying the Uniform Child Custody Jurisdiction Act hold that jurisdiction is established at the time of the initiation of the particular custody proceeding. *See Fletcher v. Fletcher*, 20 Ark. App. 190, 726 S.W.2d 684 (1987); *Bullard v. Bullard*, 3 Haw.App. 194, 647 P.2d 294 (1982); *State ex rel. Laws v. Higgins*, 734 S.W.2d 274 (Mo.Ct.App.1987); *Peloso v. Botkin*, 144 Vt. 461, 479 A.2d 156 (1984).

The only exception to determining the time for establishing jurisdiction is a California case styled *In re Marriage of Hopson*, 110 Cal.App.3d 884, 168 Cal.Rptr. 345 (1980). The court determined in that case that the significant date was the date of the hearing rather than the date of the commencement of the action. The basis of this holding was that there was a seventeen-month interval between the time of the filing and the hearing. During this period, the child had moved to another state and had established residence there for a significant period of time so that this date was more significant than the date of the filing of the proceeding. In the present case, there has not been a long interval between the filing of the proceeding and the hearing. Therefore, the California

court's construction finding a need to determine jurisdiction at the time of the hearing to achieve the spirit of the legislative purpose would not apply. In the present case, the State of Ohio has not had contact with the children, nor would there be substantial evidence from that state concerning the children's care and relationships with others.

At the time of the commencement of this proceeding, the State of New Mexico had jurisdiction over this child custody matter. For this proceeding, we are bound by the fact situation that existed at the time of the filing of the proceeding. Also, this Texas Court would have had jurisdiction if, before the commencement of this proceeding, there had been a showing that New Mexico had declined to exercise jurisdiction. TEX. FAM.CODE ANN. § 152.003(a)(4)(B) (Vernon 1996). There has been no such showing.

We conclude that the trial court erred by failing to dismiss this child custody proceeding for want of jurisdiction. The petition for writ of mandamus is therefore conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.