Andy GRAY, Appellant,

v.

ENTIS MECHANICAL SERVICES,
L.L.C., Appellee.

No. 14–09–01076–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 17, 2011.

Rehearing Overruled June 16, 2011.

Shannon Peter Foye, Houston, for appellant.

Michael T. McGann, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and BROWN.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Andy Gray, appeals the trial court's granting of a summary judgment in favor of appellee, Entis Mechanical Services, L.L.C. Because we conclude appellee failed to meet its summary judgment burden, we reverse and remand to the trial court for further proceedings in accordance with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant conducts business as Lighthouse Electric. From September 2008 until December 2008 appellant worked as an electrical subcontractor for appellee at a medical facility in Tomball (the "Tomball Property").[1] Appellant submitted invoices to appellee for the work performed but they were not paid. When his own efforts at collecting payment on the outstanding invoices were not successful, appellant retained an attorney to assist in the collection effort.

On March 16, 2009 appellant's attorney sent notice to appellee of his intent to file a mechanic's lien on the Tomball Property if the invoices were not paid. On March 25, 2009, when the invoices remained unpaid, appellant filed his lien affidavit in the Harris County property records. Appellant then sent appellee notice that he had filed the mechanic's lien. Eventually, appellant filed a lawsuit in Harris County Court at Law Number 4 seeking to collect on the unpaid invoices, which totaled $30,894.90. The date this lawsuit was filed is not revealed in the appellate record.

On April 2, 2009 appellee mailed a $30,894.90 check to appellant. The check was made payable to both appellant and his attorney. In the memo line of the check appellant asserted that the amount was in full payment for all work performed by appellant on the Tomball Property. Appellant did not cash the check and refused to release the lien on the Tomball Property.

When appellant refused to negotiate the check, on April 21, 2009 appellee initiated its own lawsuit against appellant. Appellee alleged appellant had violated section 12.002 of the Texas Civil Practices and Remedies Code by filing a fraudulent-lien. In its original petition, appellee alleged appellant refused to release the lien unless appellee paid him an additional $5,790.00. This allegation is not supported by any evidence in the summary judgment record.

Appellant filed his answer on June 19, 2009. Included in appellant's answer was the verified defense that there was already a suit pending between the same parties involving the same claim.

Soon thereafter, appellee filed a motion for traditional summary judgment on its fraudulent-lien cause of action. The summary judgment evidence consisted of two of appellant's lien affidavits, one of which was the lien affidavit for the Tomball Property at issue in this litigation, appellant's invoices supporting the Tomball Property lien affidavit, and an affidavit from Jason Bice, appellee's manager. According to appellee, this evidence conclusively proved each element of its fraudulent-lien cause of action.

In response to the motion, appellant initially filed a motion for continuance, which was granted. The trial court reset the hearing on appellee's motion to September 25, 2009. Ultimately, appellant did not file a response to appellee's motion and for reasons not disclosed in the appellate record, his attorney did not appear at the hearing. The trial court granted appellee's motion for summary judgment and awarded appellee $10,000.00 in damages as well as attorney's fees. In addition, the trial court entered an order discharging appellant's lien on the Tomball Property.

Appellant filed a motion for new trial, which the trial court denied. This appeal followed.

---

1. In addition to the electrical repair work performed on the Tomball Property, appellant also performed electrical work on four other properties owned by the same entity. Appellant also filed liens on those properties when he did not receive payment on his invoices. These liens are not at issue in this appeal.

## DISCUSSION

In seven issues on appeal appellant challenges the trial court's granting of appellee's motion for summary judgment. According to appellant, appellee failed to meet its summary judgment burden of conclusively proving each element of its fraudulent-lien cause of action.

## I. The standard of review and applicable law.

A party moving for a traditional summary judgment must establish that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex.2003). In particular, a plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *Cullins v. Foster,* 171 S.W.3d 521, 530 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986)). If the movant's motion and evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes each element of its cause of action as a matter of law. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222–23 (Tex.1999). The trial court may not grant summary judgment by default because the nonmovant did not respond to the summary judgment motion when the movant's summary judgment proof is legally insufficient. *Id.* at 223. On appeal, the nonmovant need not have responded to the motion to contend the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *Id.*

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). We take all evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Id.* On appeal, the movant still bears the burden of showing there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Rhone–Poulenc, Inc.,* 997 S.W.2d at 223.

Appellee, as the party asserting that appellant's lien was fraudulent, had the burden to prove the requisite elements of the statute. *Walker & Assoc. Surveying, Inc. v. Roberts,* 306 S.W.3d 839, 847 (Tex.App.-Texarkana 2010, no pet.) (citing *Aland v. Martin,* 271 S.W.3d 424, 430 (Tex.App.-Dallas 2008, no pet.)). The fraudulent-lien statute in effect at the time of the events underlying this litigation provides:

(a) A person may not make, present, or use a document or other record with:

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

(A) physical injury;

(B) financial injury; or

(C) mental anguish or emotional distress.

Tex. Civ. Prac. & Rem.Code Ann. § 12.002 (West Supp. 2009). In order to establish a fraudulent-lien in this case, appellee's summary judgment evidence had to conclusively prove as a matter of law that appellant (1) made, presented, or used a document with knowledge that it was a fraudulent-lien; (2) intended the document be given legal effect; and (3) intended to cause appellee financial injury. *Walker & Assoc. Surveying, Inc.*, 306 S.W.3d at 848 (citing Tex. Civ. Prac. & Rem.Code Ann. § 12.002(a)). Therefore, in this appeal, we must initially determine whether appellee met its summary judgment burden and conclusively proved each of these elements. Only if we decide the answer to this initial question is yes, must we then address whether appellant was required to come forward with summary judgment evidence raising a genuine issue of material fact.

## II. Did appellee satisfy its summary judgment burden?

■ Because it is dispositive of this appeal, we turn first to appellant's fourth issue. In this issue appellant asserts appellee's summary judgment evidence did not conclusively prove appellant intended to cause appellee financial harm when he filed the lien on the Tomball Property.

To prove the third element of its fraudulent-lien cause of action, appellee relied on four different categories of summary judgment evidence. First, appellee attached a second lien affidavit filed by appellant on a different parcel of real property located in Tomball. Second, appellee attached the $30,894.90 check sent to appellant as full

payment for the electrical work performed on the Tomball Property. The third category of evidence consisted of two letters sent by appellee's attorney asking appellant to release the lien on the Tomball Property. Finally, appellee referenced a small part of Jason Bice's affidavit that states:

> At the time that Entis Mechanical Services, LLC forwarded its checks to Andy Gray, Entis Mechanical Services, LLC, through its attorney, requested Andy Gray to release the five liens.... None of these liens have not been released. All of these liens, filed in the real property records of 3 counties, make it appear that Entis Mechanical Services, LLC does not pay its contractors or suppliers.

Despite Bice's use of a double negative, appellee contends this testimony establishes that appellant refused to release the lien on the Tomball Property.[2] According to appellee, the collective effect of this evidence conclusively proves appellant intended to cause appellee financial harm when he filed the lien affidavit.

We disagree this evidence proves as a matter of law appellant intended to cause appellee financial harm. First, we fail to see how a lien affidavit filed on an unrelated parcel of real property has any relevance to this dispute and appellee has not pointed out any legal authority establishing its relevance. Second, we also fail to see how appellant's refusal to cash appellee's check marked "paid in full" and release the lien associated with the disputed amount owed established intent to cause financial harm as a matter of law. To reach the conclusion proffered by appellee based on these items of evidence would

---

**2.** Because appellant admits he has not released the lien on the Tomball Property, we need not address what, if any, effect Bice's use of a double negative might have had on this case.

require this court to completely ignore the summary judgment standard of review. Instead, we conclude that, at most, the evidence creates a genuine issue of material fact for a jury's resolution. *Walker & Assoc. Surveying, Inc.*, 306 S.W.3d at 849; *see Preston Gate, L.P. v. Bukaty*, 248 S.W.3d 892, 897 (Tex.App.-Dallas 2008, no pet.) (rejecting plaintiff's argument that intent to cause financial injury was self-evident based on refusal to remove lien after demand by plaintiff). We sustain appellant's fourth issue on appeal.[3]

### CONCLUSION

Having sustained appellant's fourth issue on appeal, we reverse the judgment of the trial court as well as the order discharging appellant's lien on the Tomball Property, and remand this case to the trial court for further proceedings consistent with this opinion.

FROST, J., Concurring.

KEM THOMPSON FROST, Justice, concurring.

Appellee Entis Mechanical Services, L.L.C. is not entitled to summary judgment on its fraudulent-lien claim against appellant Andy Gray because the summary-judgment evidence does not conclusively prove that Gray intended to cause Entis financial injury. But in making this determination, the majority relies upon a conclusion that is unnecessary and inaccurate.

Entis filed suit against Gray asserting a claim under section 12.002 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a) (West Supp. 2010). To recover on this claim, Entis had to prove, among other things, that Gray made, presented, or used a document or other record with "intent to cause [Entis] to suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or emotional distress." *Id.* § 12.002(a)(3). Though not mentioned in the majority opinion, Entis did not allege in its petition or summary-judgment motion that Gray intended to cause Entis physical injury, mental anguish, or emotional distress. Because Entis limited its statutory claim to only one of the three possibilities in section 12.002(a)(3), this court need not consider or analyze the other two. *See Id.*

Nonetheless, the trial court erred in granting summary judgment because the summary-judgment evidence does not conclusively prove that Gray intended to cause Entis financial injury. The summary-judgment evidence contains an affidavit from Jason Bice, an Entis manager. Bice states that Gray filed the lien in question and four other liens relating to projects in which Gray allegedly worked for Entis. Bice states that Gray refused to cash checks sent by Entis on April 1, 2009, in payment of all outstanding amounts for four of the projects. Bice states that Gray did not work for Entis on the other project and that Entis was not involved in that project. Speaking of the five liens filed by Gray, Bice states in his affidavit that "*[n]one* of these liens have *not* been released." (emphasis added). The majority concludes that this court need not consider the meaning of this double negative because Gray "admits he has not released the lien on the Tomball Property." *Ante* at p. 6, n. 2. This conclusion is inaccurate. A review of the clerk's record and Gray's appellate brief shows that Gray has not made such an admission, and

---

3. Because we have sustained appellant's fourth issue, we need not address his remaining issues on appeal. Tex.R.App. P. 47.1.

there was no oral argument in this appeal. This conclusion is also unnecessary. Even if the double negative in Bice's affidavit means that none of the five liens filed by Gray had been released, this affidavit would not constitute conclusive proof of an intent by Gray to cause Entis financial injury.

For the foregoing reasons, I do not join the majority opinion, but I respectfully concur in the court's judgment.