**Affirmed and Memorandum Opinion filed December 13, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00048-CV

## DELCOR USA, INC., Appellant

## V.

## TEXAS INDUSTRIAL SPECIALITIES, INC., Appellee

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2010-06021**

## MEMORANDUM OPINION

Delcor USA, Inc. appeals from the trial court's final summary judgment in favor of Texas Industrial Specialties, Inc. (TISI) on TISI's suit for breach of contract. In four issues, Delcor argues that the trial court erred by granting TISI's motion for summary judgment and by awarding attorney's fees to TISI. We affirm.

### BACKGROUND

TISI sued Delcor for $17,214 and alleged in its petition that it and Delcor "entered into an oral contract for goods and services including, but not limited to, various equipment rentals." TISI claimed that it "sold and delivered to [Delcor] the goods and

services . . . at the prices charged in the invoices, being the reasonable market value and agreed price for the goods and services." TISI claimed that Delcor made some payments but failed to satisfy the remaining debt. TISI also requested attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

TISI moved for a traditional and no evidence summary judgment and requested $4,800 in attorney's fees with additional fees in the event of an appeal. TISI attached to its motion (1) an affidavit of its president TISI, Robert Martin; (2) TISI's invoices to Delcor for equipment rentals and other charges; (3) TISI's "customer balance detail" for Delcor; (4) checks from Delcor payable to TISI; and (5) an affidavit of TISI's attorney, Teri Walter. Delcor responded to the motion by requesting a continuance for additional discovery and court-ordered mediation. Delcor attached evidence of two payments to TISI and a credit from TISI, but these payments and credit are reflected in TISI's customer balance detail.

The trial court granted TISI's motion and signed a summary judgment in its favor, including the requested attorney's fees.

## ANALYSIS

### I.     Specific Ground for the Traditional Motion for Summary Judgment

Delcor argues in its first issue that TISI's traditional motion for summary judgment is "insufficient and fatally defective in that no grounds for summary judgment were contained in the Motion." We disagree.

A motion for summary judgment "shall state the specific grounds therefor." Tex. R. Civ. P. 166a(c). "[I]f the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993).

Requiring a movant to state specific grounds provides "the opposing party with adequate information for opposing the motion and define[s] the issues for purposes of

summary judgment." *Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 436 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Thus, a motion for summary judgment is sufficiently specific if it provides the nonmovant with fair notice of the claim involved. *Coleman v. Revak*, No. 01-07-00438-CV, 2008 WL 2466276, at *3 (Tex. App.—Houston [1st Dist.] June 19, 2008, no pet.) (mem. op.); *see Zarzosa v. Flynn*, 266 S.W.3d 614, 620 (Tex. App.—El Paso 2008, no pet.); *City of Roanoke v. Town of Westlake*, 111 S.W.3d 617, 633 (Tex. App.—Fort Worth 2003, pet. denied); *Dear v. City of Irving*, 902 S.W.2d 731, 734 (Tex. App.—Austin 1995, writ denied).

Delcor compares TISI's motion to one that the Texas Supreme Court found deficient in *McConnell*, quoted in its entirety as follows:

> Defendants, SOUTHSIDE . . ., in accordance with Rule 166a of the Texas Rules of Civil Procedure, move this Court for summary judgment in the above entitled action on the grounds that there are no genuine issues as to any material facts and that these Defendants are entitled to a judgment dismissing Plaintiff's amended complaint as a matter of law. The Defendants respectfully request this Court to enter a summary judgment based on the pleadings in file, this Brief in Support [sic], containing the undisputed facts and conclusions of law as required by the Local Rules, and transcripts, together with affidavits submitted along with this motion, or in the alternative to specify what, if any, facts remain to be determined.

*McConnell*, 858 S.W.2d at 338 n.1. Under the "Arguments and Authorities" section of TISI's motion, the argument regarding TISI's traditional motion for summary judgment appears as follows:

> The amount due to [TISI] is just and true. See Exhibit 1, Affidavit of Robert Martin. There is no genuine issue as to any material fact and [TISI] is entitled to judgment as a matter of law for $17,214.00.

Delcor contends that this language is insufficient under *McConnell*. But Delcor ignores the "Background" section of TISI's motion, which states:

> This is a suit on an oral contract for goods and services including, but not limited to, various equipment rentals. Attached as Exhibit 1 is the affidavit of Robert Martin of [TISI]. The affidavit verifies that [TISI], at the special

3

insistence and request of [Delcor], sold and delivered to [Delcor] the goods and services described in Exhibit 1, at the prices charged in the invoices, being the reasonable market value and agreed price for the goods and services. [Delcor] has made some payments, but has failed to satisfy the remaining debt of $17,214.00.

Unlike the motion in *McConnell*, which did not reference the facts or claims involved, TISI's motion provides fair notice that the claim involved is one for breach of contract. TISI identified facts to support each element of the claim and then argued for summary judgment by reciting the general standard. We conclude this motion includes a sufficiently specific ground for a traditional summary judgment under Texas Rule of Civil Procedure 166a(c).

Delcor's first issue is overruled.

## II. Sufficiency of the Traditional Summary Judgment Evidence

Delcor argues in its second issue that TISI "did not present sufficient, competent summary judgment evidence to prove each element of its claim as a matter of law." Delcor argues that TISI's evidence was wholly conclusory, and thus, TISI presented no evidence on any element of its contract claim. TISI responds that its evidence was sufficient to support a summary judgment on either a sworn account or contract claim; and TISI notes that Delcor's evidence did not contradict TISI's. We agree with TISI.

We review *de novo* a trial court's granting of summary judgment. *Gray v. Entis Mech. Servs., L.L.C.*, 343 S.W.3d 527, 529 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A party moving for a traditional summary judgment must establish that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Gray*, 343 S.W.3d at 529. A plaintiff moving for summary judgment on its own claim must conclusively prove all elements of the claim. *Gray*, 343 S.W.3d at 529. If the plaintiff meets this burden and establishes its right to a judgment as a matter of law, the burden shifts to the defendant to raise a genuine issue of material fact sufficient to defeat summary judgment. *Id.* The defendant need not have responded to

4

the motion in the trial court to contend on appeal that the plaintiff's summary judgment proof is insufficient as a matter of law to support summary judgment. *Id.* "Summary judgments must stand on their own merits." *Rhonej-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Summary judgment evidence is insufficient as a matter of law if the evidence supporting the judgment is comprised entirely of legal conclusions without factual basis. *See Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991) (per curiam).

The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result of the breach. *Expro Ams., LLC v. Sanguine Gas Exploration, LLC*, No. 14-10-00707-CV, __ S.W.3d __, 2011 WL 5098590, at *2 (Tex. App.—Houston [14th Dist.] Oct. 27, 2011, no pet. h.).

TISI supported its motion for summary judgment with adequate, competent evidence consisting of factual statements and legal conclusions supported by fact for each element of its contract claim. Regarding the existence of a contract, Martin stated in his affidavit that there was a "contract for goods and/or services between" TISI and Delcor. This statement is supported by (1) invoices showing charges for the renting of specific pieces of equipment; (2) TISI's "customer balance detail" for Delcor, which identifies more than 85 invoices and various payments over a period exceeding two years; and (3) checks Delcor sent to TISI to pay some of the invoices. *Cf. Preston Farm & Ranch Supply, Inc. v. Bio-Zyme Enters.*, 625 S.W.2d 295, 298 (Tex. 1981) (discussing implied contracts for sales of goods under the UCC and holding that the course of dealing of the parties indicated an agreement to pay interest on purchases; the evidence showed 20 sales between the parties over a year, invoices contained the interest provision, and the defendant paid the invoices and some of the interest charges and continued to make purchases on credit); *see also* Tex. Bus. & Com. Code Ann. §§ 2A.103(a)(11); 2A.204(a) (Vernon 2009). Delcor does not challenge the authenticity or admissibility of the

5

invoices, customer balance sheet, or checks. Accordingly, TISI provided adequate evidence to support the statement that a contract existed between TISI and Delcor.

Regarding TISI's performance under the contract, Martin stated in his affidavit that the "goods and/or services [were] provided by [TISI]." This statement is also supported by the invoices, which detail the equipment rented and the dates of each rental. The dates on the unpaid invoices range from December 2008 through March 2009. Regarding Delcor's breach and TISI's damages, Martin stated, "The principal balance due and owing and unpaid on the account, after all just and lawful offsets, payments and credits have been allowed is $17,214.00. . . . Demand for payment of the full amount due has been made and payment for the amount due has not been made for more than 30 days." These statements alone support the breach and damages elements, but they are further supported by TISI's "customer balance detail," which lists invoices and payments for the Delcor account with the aggregate outstanding balance.

TISI's evidence satisfies the requirements for a summary judgment by showing that there is no genuine issue of material fact and TISI is entitled to judgment as a matter of law. Delcor did not respond with any controverting evidence and failed to raise a genuine issue of material fact. Thus, the trial court properly granted TISI summary judgment on its contract claim.[1]

Delcor's second issue is overruled.

---

[1] Because TISI's motion and evidence were sufficient under a breach of contract theory, we need not address TISI's responsive argument that the judgment could be affirmed under a sworn account theory. *See* Tex. R. App. P. 47.1. We note, however, that neither the motion itself nor Martin's affidavit included the phrase "sworn account" or "suit on an account." The motion referenced only a "suit on an oral contract." Further, this court has held that a party may not recover under a sworn account theory when the underlying transaction involved equipment rentals. *See, e.g.*, *AKIB Constr., Inc. v. Neff Rental, Inc.*, No. 14-07-00063-CV, 2008 WL 878935, at *1–3 (Tex. App.—Houston [14th Dist.] Apr. 3, 2008, no pet.) (mem. op.) (reversing summary judgment for plaintiff because a sworn account claim cannot be based on leased goods). *See generally* 1 Tex. Jur. 3d *Accounts & Accounting* § 80 (2004) (discussing the inapplicability of a sworn account claim for transactions not passing title to personal property from one party to another).

## III. No Evidence Motion for Summary Judgment

Delcor argues in its third issue that the trial court erred if it granted TISI's no evidence motion for summary judgment because TISI had the burden of proof. The trial court did not specify whether it granted TISI's traditional or no evidence motion for summary judgment. Because we affirm the trial court's grant of a traditional summary judgment for the reasons described above, we overrule Delcor's third issue. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000) ("When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious."); *see also* Tex. R. App. P. 47.1.

## IV. Reasonable and Necessary Attorney's Fees

Delcor argues in its fourth issue that TISI failed to prove that the fees allegedly incurred were reasonable and necessary because (1) the reasonableness of attorney's fees is a fact issue that "cannot be determined as a matter of law in a summary judgment motion;" and (2) the affidavit from TISI's attorney, Walter, was conclusory and legally insufficient. We disagree.

Although the reasonableness of attorney's fees often is a fact issue, "[w]ell-settled law recognizes that the affidavit of an attorney representing a claimant constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding." *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 513 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). "Thus, an affidavit filed by the movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorney's fees, and the basis for his

opinion will be sufficient to support summary judgment, if uncontroverted." *In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App.—Tyler 2009, no pet.) (citing *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied)).

Here, Walter states in her affidavit that (1) she has been licensed in the State of Texas since 1988, practices predominantly in Harris County and the surrounding counties, and is familiar with the attorney's fees charged in this type of matter; (2) TISI incurred fees of $4,800 for drafting, reviewing, and filing the original petition, arranging service of the citation, drafting and finalizing requests for disclosure, requests for production, and interrogatories, reviewing Delcor's discovery responses, negotiating a possible settlement and preparing a proposal, and preparing the motion for summary judgment and attending the hearing; and (3) the fees are "reasonable and necessary for the prosecution of this case."

Delcor complains that the affidavit does not delineate how much time was spent on each task, how many hours were spent on the entire case, or the hourly rate Walter believes is reasonable. Although fact finders may use such evidence to determine if a fee is reasonable, these particular details are not required to establish a reasonable attorney's fee as a matter of law. *See McGlown v. Ashford Park Homeowners Ass'n, Inc.*, No. 01-08-00619-CV, 2009 WL 1635310, at *3 (Tex. App.—Houston [1st Dist.] June 11, 2009, no pet.) (mem. op.). Similarly, it is better practice for attorneys to identify the factors relevant for determining the reasonableness of their fee,[2] but this practice is not required for a court to award reasonable attorney's fees. *Cf. Garcia v. Gomez*, 319 S.W.3d 638, 641–42 (Tex. 2010) (reversing the trial court's denial of reasonable attorney's fees under Section 74.351 of the Civil Practice and Remedies Code because the attorney's testimony about his qualifications, familiarity with similar cases, and brief statement about the "the

---

[2] *See Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (identifying factors).

8

reasonable and necessary attorney's fee" was non-conclusory and "some evidence" to support the award, though it was "not conclusive").

Walter's affidavit is clear, positive, and direct; it is otherwise credible and free from contradictions and inconsistencies; and Delcor could have, but did not, contradict it by presenting evidence of its own. We hold that Walter's affidavit adequately supports the award of attorney's fees on summary judgment in this case because it establishes Walter's qualifications to opine on a reasonable fee, her familiarity with attorney's fees typically charged in these types of matters, the legal services actually rendered to TISI, and her opinion that the fees are reasonable and necessary for the services rendered. *See In re Estate of Tyner*, 292 S.W.3d at 184–85 (affirming summary judgment for attorney's fees when the affiant stated he was a licensed attorney, was familiar with the reasonable and necessary fees charged in similar matters, had personal knowledge of the services rendered, and the fees were reasonable, necessary, and customary); *Haden*, 332 S.W.3d at 513–15 (affirming summary judgment when the affiant described his qualifications, stated that the affiant was familiar with the fees charged for these types of cases in the geographic area, listed the services rendered, and identified some of the nonexclusive factors for calculating a reasonable attorney's fee); *see also Pham v. Inwood N. Homeowners' Ass'n, Inc.*, No. 14-96-00380-CV, 1997 WL 211637, at *2 (Tex. App.—Houston [14th Dist.] May 1, 1997, no writ) (not designated for publication) (stating that the attorney's affidavit would support a summary judgment for attorney's fees in the absence of controverting evidence when the affiant stated she was an attorney in the geographic area and familiar with the usual and customary fee charged in this type of litigation, listed the services rendered, and opined that the fee was reasonable).

Delcor's fourth issue is overruled

9

## CONCLUSION

Having overruled all of Delcor's issues, we affirm the trial court's judgment.

/s/      William J. Boyce
               Justice

Panel consists of Justices Brown, Boyce, and McCally.