

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00088-CV

Janice **BERNARD** and Michael Bernard,
Appellants

v.

**BANK OF AMERICA, N.A**.,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-20750
Honorable Peter A. Sakai, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  February 6, 2013

AFFIRMED

Janice and Michael Bernard appeal the trial court's granting of a summary judgment in favor of Bank of America, N.A. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Janice and Michael Bernard obtained a loan from Bank of America, N.A. ("the Bank") to purchase a home located in Bexar County. The Promissory Note was secured by a first lien Deed of Trust which conveyed the home to PRLAP, Inc., as Trustee, to hold for the benefit of the Bank, the Beneficiary. In May 2010, the Bernards defaulted on their payments to

the Bank. In July 2010, the Bank provided the Bernards with written notice of default and intent to accelerate the note via certified mail. On December 9, 2010, the Bank served the Bernards with written notice of acceleration and notice of a Substitute Trustee's Sale to be held on January 4, 2011.

Prior to the scheduled foreclosure sale, the Bernards executed and filed in the Bexar County real property records a document titled "Substitution of Trustee" which purported to remove the Bank as the beneficiary under the Deed of Trust and designate themselves as the beneficiary in place of the Bank. Additionally, the document filed by the Bernards purported to remove PRLAP, Inc. as trustee and instead named Richard Mate as substitute trustee; Mate later filed an affidavit in which he stated that he had not authorized a substitute trustee's sale and that an injunction was necessary to prevent the Bank from foreclosing on its lien.

On December 16, 2010, the Bernards filed suit against the Bank seeking an injunction to stop the Bank's foreclosure on the grounds that the Bank "does not have the legal right to engage or continue this sale because the trustee has not authorized the sale and the defendant is not the holder of any valid deed of trust that would otherwise empower it to undertake the sale;" the Bernards also asserted claims for unjust enrichment and wrongful foreclosure. A temporary restraining order was granted on December 22, 2010, effective through January 5, 2011. The Bank filed its Original Answer, Affirmative Defenses, and Special Exceptions, as well as a counterclaim for breach of contract and fraudulent claim against real property. The Bank asked the trial court for a declaratory judgment authorizing foreclosure and for attorney's fees.

On December 6, 2011, the Bank filed a traditional and no-evidence motion for summary judgment on all the Bernards' claims as well as its own counterclaims. The Bernards did not file a response, but did file a motion for continuance seeking additional time to conduct discovery; the motion was denied by the trial court. Immediately before the hearing on the Bank's motion

for summary judgment, the Bernards filed a document titled "Affidavit of Averments and Response to Request for Admissions." At the hearing, the trial court considered neither the late-filed document nor the deemed admissions attached to the Bank's motion for summary judgment, which the Bank voluntarily withdrew. The Bernards argued that the Bank should not foreclose on the loan because the Bank failed to prove that the money for the loan was backed by gold. The trial court granted summary judgment in favor of the Bank without stating the basis for its ruling. The trial court further ordered that the "Substitution of Trustee" filed by the Bernards be declared null, void, and of no further effect. The trial court also declared the Bank was entitled to foreclose on the collateral real property and ordered the Bernards to pay attorney's fees and expenses as well as statutory damages. The trial court denied the Bernards' application for temporary injunction on January 5, 2012.

The Bernards now appeal, appearing pro se. We liberally construe their pro se appellate brief as raising the following issues: (1) the trial court had no jurisdiction to hear the case, and (2) the trial court erred in granting the motion for summary judgment.

## DISCUSSION

### 1. Jurisdiction

The Bernards first complain that the trial court lacked subject matter jurisdiction to hear the case. We disagree. The Bernards initiated the underlying suit by filing a petition to stop the impending foreclosure sale of property located in Bexar County. Filing a petition endows a trial court with subject-matter jurisdiction provided that the case involves a dispute that the trial court has authority to adjudicate. *Hughes v. Atlantic Ref. Co.*, 424 S.W.2d 622, 625 (Tex. 1968); *see TJFA, L.P. v. Tex. Comm'n on Envtl. Quality*, 368 S.W.3d 727, 732–33 (Tex. App.—Austin 2012, pet. denied); *In re Alley*, 1 S.W.3d 268, 271 (Tex. App.—Texarkana 1999, orig. proceeding) (explaining the general rule that "jurisdiction attaches at the time of the filing of a

proceeding"); *Gaynier v. Ginsberg*, 763 S.W.2d 461, 463 (Tex. App.—Dallas 1988, no writ) (stating that jurisdiction of court to hear case is established when petition is filed alleging subject matter over which court has jurisdiction). Here, the Bernards invoked the jurisdiction of the trial court which had the authority to adjudicate their request for injunction and claims for wrongful foreclosure and unjust enrichment. *See Tex. Comm'n on Envtl. Quality*, 368 S.W.3d at 732–33. The Bernards' complaint that the trial court lacked subject matter jurisdiction is thus without merit. Accordingly, we overrule the Bernards' jurisdictional complaint.

### 2. *Summary Judgment*

Next, the Bernards contend that the trial court erred in granting summary judgment in favor of the Bank. We review a trial court's summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A traditional summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Inds., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the nonmovant presents more than a scintilla of evidence

raising a fact issue on the challenged elements. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) ("More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'"). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

When, as here, the trial court grants the motion for summary judgment without stating the basis for its ruling, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

### No-Evidence Motion for Summary Judgment — The Bernards' Claims

#### Unjust Enrichment

The Bernards sought to recover for unjust enrichment on the basis that they had conferred a benefit to the Bank—presumably the monthly payments of principal and interest—and that it would be inequitable to permit the Bank to retain that benefit. Unjust enrichment characterizes the result of failing to make restitution for benefits received under circumstances giving rise to an implied or quasi-contract. *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.). The doctrine applies "the principles of restitution to disputes where there is no actual contract, . . . and is based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution." *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi 2002, pet. denied) (internal citations omitted).

Here, an actual contract does exist between the Bernards and the Bank in which the Bernards agreed to repay the borrowed funds under the terms of the Promissory Note and the Deed of Trust. Thus, recovery under unjust enrichment is not available to the Bernards because "the same subject is covered by an express contract." *TransAmerican Natural Gas Corp. v.*

*Finkelstein*, 933 S.W.2d 591, 600 (Tex. App.—San Antonio 1996, writ denied) (quoting *Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 154 (Tex. App.—Texarkana 1988, writ denied)). Because recovery on an equitable theory would, as a matter of law, be inconsistent with the existence of an express contract, we conclude the trial court did not err in granting summary judgment on the Bernards' claim for unjust enrichment. *See Finkelstein*, 933 S.W.2d at 600; *Allen*, 645 S.W.2d at 555.

### *Wrongful Foreclosure*

The Bernards also alleged claims for wrongful foreclosure. The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.); *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied); *see also* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2012) (providing requirements for notice of sale of real property under contract lien). Therefore, to recover on a wrongful foreclosure claim, the property in question must have been sold at a foreclosure sale. *See Stevens*, 781 S.W.2d at 371; *see also Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982). Here, the Bernards' home was not sold in foreclosure prior to the granting of the summary judgment. Accordingly, the Bernards cannot recover on their claim for wrongful foreclosure as a matter of law. We conclude the trial court properly granted summary judgment with regard to this claim.

### *Traditional Motion — Bank's Counterclaims*

In its traditional motion for summary judgment, the Bank claimed that it established its right to recover as a matter of law on its counterclaims for fraudulent claim against real property and breach of contract. It attached the following summary judgment evidence: the Promissory

Note dated April 18, 2003 and signed by the Bernards; the Deed of Trust dated April 18, 2003 and signed by the Bernards; the Notice of Default dated July 21, 2010; the Notice of Substitute Trustee's Sale dated December 9, 2010; the "Substitution of Trustee" document filed by the Bernards on December 16, 2010; the affidavit of Lohrey Henderson, the Bank's representative; the affidavit of Richard Mate; and the affidavit of attorney Joshua A. Huber (attesting to reasonable and necessary attorney's fees incurred by the Bank).

### *Fraudulent Claim Against Real Property*

In order to establish its claim for a fraudulent claim against real property, the Bank's summary judgment evidence had to conclusively prove as a matter of law that the Bernards (1) made, presented, or used a document with knowledge that it was a fraudulent claim against real property; (2) intended the document be given legal effect; and (3) intended to cause the Bank financial injury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (West Supp. 2012);[1] *Gray v. Entis Mech. Servs., L.L.C.*, 343 S.W.3d 527, 529–30 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Walker & Assoc. Surveying, Inc. v. Roberts*, 306 S.W.3d 839, 848 (Tex. App.—Texarkana 2010, no pet.). A party who proves the elements of a section 12.002(a) violation may recover $10,000 or the actual damages caused by the violation, whichever is greater, in addition

---

[1] Section 12.002(a) of the Texas Civil Practice and Remedies Code provides as follows:

> (a) A person may not make, present, or use a document or other record with:
> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
> (3) intent to cause another person to suffer:
>> (A) physical injury;
>> (B) financial injury; or
>> (C) mental anguish or emotional distress.

TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (West Supp. 2012).

to court costs, attorney's fees, and exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(b) (West Supp. 2012); *Girdner v. Rose*, 213 S.W.3d 438, 444–45 (Tex. App.—Eastland 2006, no pet.).

Here, the Bank attached the original loan documents signed by the Bernards granting the Bank a lien against the real property, as well as the "Substitution of Trustee" document created and filed by the Bernards, to establish that the Bernards created a fraudulent document and filed it in the county records with the purported legal effect of removing the Bank as beneficiary and preventing it from foreclosing on its lien. Without any supportive legal basis, the Bernards unilaterally drafted, signed, and filed the "Substitution of Trustee" document to prevent the Bank from foreclosing its lien. This conduct, coupled with the Bernards' failure to make the monthly mortgage payments for nearly two years while still residing in the home, demonstrates an intent to cause the Bank financial harm. There is nothing in the record to suggest that the Bernards filed the "Substitution of Trustee" document to legitimately protect their property interests. *See, e.g., Brasch v. Lane*, No. 01-09-01093-CV, 2011 WL 2183876, at *6 (Tex. App.—Houston [1st Dist.] June 2, 2011, no pet.) (mem. op.) (concluding fact issue existed on intent-to-harm element where there was evidence suggesting that defendants filed lis pendens because they believed that their interest was threatened and that they were merely protecting their rights). Accordingly, we conclude the Bank met its summary judgment burden and conclusively proved each of the elements of its section 12.002(a) claim. As such, the trial court did not err in declaring the "Substitution of Trustee" document void and in awarding statutory damages and attorney's fees to the Bank. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(b); *Girdner*, 213 S.W.3d at 444–45 (noting that section 12.002 authorizes an award of actual damages, court costs, attorney's fees, and "exemplary damages in an amount determined by the court").

### *Breach of Contract*

The Bank also moved for summary judgment on its claim for breach of contract. The elements of a breach of contract claim are: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.). A contract has been breached when a party fails to perform an act that it has expressly or impliedly promised to perform. *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied).

Here, it is undisputed that the Bernards entered into a valid contract with the Bank by executing the Promissory Note and Deed of Trust. In addition, no evidence was presented to refute that the Bank fully performed its obligations under the Promissory Note and Deed of Trust. It is also undisputed that the Bernards defaulted on their payment obligations under the Promissory Note. As a result of the default, the Bank was damaged because it was deprived of the benefit it reasonably expected from the Bernards' full performance, i.e., the bargained-for monthly payments of principal and interest in exchange for the loan proceeds. Moreover, despite the postponement of the foreclosure sale, the Bank presented evidence it met the notice obligations required to lawfully execute a foreclosure. *See id*. § 51.002(b)(3), (d), (e). Since the Bernards failed to present any evidence to dispute these facts, we cannot conclude that the trial court erred in granting summary judgment in favor of the Bank on its counterclaim for breach of contract. Given the Bernards' default, we further conclude that the Bank established its right to foreclose and hold that the trial court did not err in awarding a declaratory judgment in favor of the Bank entitling it to foreclose on the real property at issue.

## CONCLUSION

Based on the foregoing, we overrule the Bernards' issues on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice